IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Patrick Stauffer, | ) | Case No. 3:25-cv-03998-JDA |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Andrew Brown, | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motion to remand and motion to compel discovery responses. [Docs. 4; 11.] The parties have filed responses and replies to the respective motions, and they are now ripe for review. [Docs. 8; 9; 12; 13.]

For the reasons stated herein, the Court grants Plaintiff's motion to remand the case to the Sumter County Court of Common Pleas. As such, Plaintiff's subsequent motion to compel discovery responses is moot.

**BACKGROUND**

On December 15, 2023, Plaintiff Patrick Stauffer, a Lieutenant Colonel in the United States Army, filed this action in the Sumter County Court of Common Pleas against Defendant Andrew Brown ("Brown"), a superior-ranking Colonel in the United States Army. [Doc. 1-1.] Plaintiff brings claims for (1) civil assault and battery, (2) intentional infliction of emotional distress, and (3) restraining order/injunction concerning injuries sustained on Shaw Air Force Base on March 1, 2023. [*Id.*]

On February 26, 2024, Brown removed the action to this Court pursuant to 28 U.S.C. § 1442a. *Stauffer v. Brown*, 3:24-cv-00983-JDA, Doc. 1. Shortly thereafter, Plaintiff filed a motion to remand. *Stauffer v. Brown*, 3:24-cv-00983-JDA, Doc. 6.

On January 31, 2025, this Court granted Plaintiff's motion to remand because it lacked subject matter jurisdiction to hear the case. *Stauffer v. Brown*, 3:24-cv-00983-JDA, Doc. 33. Specifically, the Court concluded that Brown failed to allege a causal connection between the purported physical altercation at issue and his position as a military officer as required by § 1442a. *Id.* at 5–8. Accordingly, the Court remanded the action to the Sumter County Court of Common Pleas. *Id.* at 8.

On April 4, 2025, Plaintiff filed a motion to compel discovery responses in state court. [Doc. 4-5.] On May 12, 2025, shortly before a scheduled hearing on Plaintiff's state-court motion to compel, Brown again removed the action to this Court pursuant to 28 U.S.C. § 1442a. [Doc. 1; *see also* Doc. 4-7.]

In his notice of removal, Brown avers "[t]he only relationship between Plaintiff Lt. Col. Stauffer and Col. Brown [was] one of military origin, and performance of orders"; "[t]he parties did not socialize or have any relationship outside of their active-duty status at Shaw Air Force Base"; and the "altercation arose due to a pattern and practice of insubordination, direct insubordination related to this altercation, and a disagreement over Orders related to carrying out [a military] assignment and war plans." [Doc. 1 ¶¶ 4, 5.] Moreover, Brown contends "the nature of [the] action . . . requires he claim right, title, or authority of Federal Law, including issues related to the Federal Tort Claims Act, . . . the Uniform Code of Military Justice, . . . the Veterans Benefit Act, as well as federal common law, namely the *Feres* Doctrine."[1] [*Id.* ¶ 8.]

---

[1] To this end, Brown argues Plaintiff's anticipated witnesses—all of whom participated in the military investigation of the incident—would produce testimony requiring the state court to "assess actions and defenses of a Military Officer in performance of his office, a situation which [the] armed forces removal statute was

2

Brown attached an affidavit to the second notice of removal.[2] [Doc. 1-2.] In relevant part, Brown made the following additional declarations:

> 3.  The only relationship between myself and [Plaintiff] is one of military origin, and performance of work orders. I did not socialize with [Plaintiff] or have a relationship outside of my assignment at Shaw Air Force Base. I have never interacted with Plaintiff outside of our military responsibilities.
>
> 4.  I, along with [Plaintiff], were working in tandem on a military assignment on or about March 1, 2023.
>
> 5.  Due to a pattern of insubordination, direct insubordination related to this altercation, and a disagreement of Orders in carrying out the assignment, a physical altercation ensued on or about March 1, 2023 between myself and [Plaintiff] in the office of [Plaintiff] located on Shaw Air Force Base. Both Plaintiff and I were on active duty status and this altercation occurred in our place of employment located on Shaw Airforce Base during work hours.
>
> 6.  The physical altercation, allegations therefrom, and all matters related to the altercation on March 1, 2023, were adjudicated by the Military tribunal under the Articles of Military Justice.

[*Id.* ¶¶ 3–6.]

Plaintiff filed a second motion to remand on May 28, 2025. [Doc. 4.] Relevant here, Plaintiff contends that Brown presents no evidence of changed circumstances or new evidence, as would be needed to justify a second removal on the same jurisdictional grounds as the first. [Doc. 4-1 at 2, 13–14, 25–30.] As such, Plaintiff requests

---

designed to avoid . . . ." [Doc. 1 ¶ 16; *see also id.* ¶ 16 n.3 (citing *Stauffer v. Brown*, 3:24-cv-00983, Doc. 19).]

[2] Brown's first notice of removal contained no attachments other than the state court complaint. *Stauffer v. Brown*, 3:24-cv-00983-JDA, Doc. 1-1.

3

sanctions—including reasonable attorney's fees—incurred because of the second, procedurally improper removal. [*Id.* at 30–31.]

On June 11, 2025, Brown filed a response in opposition. [Doc. 8.] Principally, Brown contends his newly submitted affidavit "alleges [the incident] arose out of a dispute regarding [the parties'] military assignment and a disagreement regarding military Orders," satisfying the requirements of § 1442a. [*Id.* at 4.] Moreover, he argues that Plaintiff's expert disclosures and answers to Rule 26.03 interrogatories—filed after the first removal attempt—"completely support Brown's assertion of a colorable *Feres common law* defense for purposes of federal jurisdiction" and therefore constitute new grounds for removal. [*Id.* at 6; *see id.* at 3–6.] Plaintiff filed a reply on June 17, 2025. [Doc. 9].

On August 29, 2025, Plaintiff filed a motion to compel discovery responses. [Doc. 11.] The parties fully briefed that motion. [Docs. 12; 13.] As noted, Plaintiff's motion to remand and motion to compel discovery responses are now ripe for review.

## APPLICABLE LAW

**Motions to Remand**

Remand of a case to state court following removal is governed by 28 U.S.C. §1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

4

**Removal**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  A defendant may remove a case to federal court if the court would have had original jurisdiction over the case.  *See* 28 U.S.C. § 1441(a).  District courts generally exercise original jurisdiction over two types of cases, referred to as federal question cases and diversity cases.[3]

Here, however, Defendant removed the action pursuant to 28 U.S.C. § 1442a, which provides:

> [a] civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

---

[3] Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether "claims arise under the laws of the United States, courts typically use the well-pleaded complaint rule, which focuses on the allegations of the complaint." *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (internal quotation marks omitted). Thus, to determine whether subject matter jurisdiction exists under § 1331, a court must first determine whether federal or state law creates the causes of action alleged in the complaint. *Mulcahey*, 29 F.3d at 151. Diversity jurisdiction arises from 28 U.S.C. § 1332(a), which provides that a federal district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

28 U.S.C. § 1442a. Without this statute, no basis for federal subject matter jurisdiction would exist in this case, as the Complaint raises solely state-law claims and the record contains no suggestion that the parties are diverse. However, § 1442a "serves to overcome the well-pleaded complaint rule which would otherwise preclude removal." *Mesa v. California*, 489 U.S. 121, 137 (1989);[4] *see also State of Georgia v. Westlake*, 929 F. Supp. 1516, 1523 (M.D. Ga. 1996) ("When a federal defense is raised, that federal defense can be the basis for 'arising under' jurisdiction. It is the raising of a federal

---

[4] The *Mesa* action was removed pursuant to 28 U.S.C. § 1442(a) rather than § 1442a. *Mesa*, 489 U.S. at 123. However, as the Eastern District of Virginia has noted,

> [I]mmediately preceding § 1442a in Title 28 of the United States Code is § 1442(a). Both of these statutes are removal statutes and they are similar in substance, generating considerable confusion. Section 1442a allows removal by members of the armed forces. Section 1442(a) allows removal by officers of the United States. . . . [C]ourts have employed identical analyses when considering Section 1442a and Sections 1442(a).

*Margan v. Chemetron Fire Sys., Inc.*, 954 F. Supp. 1127, 1130 n.3 (E.D. Va. 1997); *see also Tate v. Doe*, No. 9:23-CV-81150-ROSENBERG/REINHART, 2024 WL 195853, at *4 (S.D. Fla. Jan. 18, 2024) (concluding that the court could "use the more abundant precedent interpreting 28 U.S.C. § 1442(a)" "[d]ue to the dearth of cases analyzing [§ 1442a's] requirements").

However, the Court notes that § 1442(a) was amended in 2011 to add "or relating to" before "any act under color of such office or on account of any right, title or authority claimed under any Act of Congress." *See Removal Clarification Act of 2011*, Pub. L. No. 112-51, 125 Stat. 545. The addition of "or relating to" "was intended to broaden the universe of acts that enable Federal officers to remove to Federal Court." *City of Annapolis v. BP P.L.C.*, No. SAG-21-00772, 2022 WL 4548226, at *5 (D. Md. Sept. 29, 2022) (internal quotation marks omitted); *see also Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017) ("This new language broadened the universe of acts that enable federal removal such that there need be only a connection or association between the act in question and the federal office." (cleaned up)). Section 1442a has not been similarly amended. *See* 28 U.S.C. § 1442a. This Court relies on § 1442(a) precedent in this Order, keeping in mind that § 1442a has not been broadened to the same extent.

6

question in the defendant's removal petition that constitutes the federal law under which the action against the defendant arises for Art. III purposes. The removal statute itself merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged.") (cleaned up).

A defendant seeking to remove a case under Section 1442a must establish (1) the defendant is a member of the armed forces of the United States, *Westlake*, 929 F. Supp. at 1518; "(2) a colorable federal defense; and (3) the suit is for an act under color of office, which requires a causal nexus between the charged conduct and asserted official authority," *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (cleaned up).

Regarding the "colorable federal defense" requirement, the party asserting federal officer removal jurisdiction need not present a "clearly sustainable" defense; rather, "an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *Caris MPI, Inc. v. UnitedHealthcare, Inc.*, 108 F.4th 340, 346 (5th Cir. 2024) (cleaned up). Regarding the "color of office" requirement, "there must be a causal connection between the actions attributed to the officer and the authority under which the officer acted." *Margan v. Chemetron Fire Sys., Inc.*, 954 F. Supp. 1127, 1131 (E.D. Va. 1997) (cleaned up).

"The right to remove [under § 1442a] is absolute, *provided the proper procedures are followed*." *Ryan v. Dow Chem. Co.*, 781 F. Supp. 934, 939 (E.D.N.Y. 1992) (citing *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)) (emphasis added). "The procedure for removal by a federal officer under Sections 1442 and 1442a generally is governed by Section 1446." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 3726 (Rev. 4th ed. 2025). "Section 1442a, however, provides for a longer period during which a notice of removal may be filed with the district court when a state-court civil action has been brought against a member of the armed forces. A member of the armed forces may remove at any time before the trial or final hearing in the case." *Id*. at n.71; *see also Reliford v. Alexander*, No. 3:06-1259-JFA-JRM, 2007 WL 474067, at *3 (D.S.C. Feb. 8, 2007) ("Under 28 U.S.C. § 1442a, a member of the armed forces of the United States on account of an act done under color of office may remove an action at any time before trial or final hearing.").

**Successive Removal**

A defendant may file a second notice of removal raising *new grounds* in support of subject matter jurisdiction.[5] *See Fritzlen v. Boatmen's Bank,* 212 U.S. 364, 372 (1909); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal

---

[5] Many courts find that the right to successive removal is codified in 28 U.S.C. § 1446(b)(3). That provision permits removal within 30 days of the service of a document "from which it may first be ascertained" that the case is removable. *See, e.g., Bowyer v. Countrywide Home Loan Servicing LP*, No. 5:09-cv-00402, 2009 WL 2599307, at *2 (S.D. W. Va. Aug. 21, 2009) (collecting cases holding that "§ 1446 permits a party to file a second notice of removal after a prior unsuccessful attempt at removal").

As previously noted, the present case concerns 28 U.S.C. § 1442a, which permits removal at *any time* before a trial or final hearing in the case. It is thus unclear whether § 1446(b)(3)'s procedural rules—especially those governing the timeliness of a successive removal—map onto § 1442a directly.

Crucially, however, Brown does not contest "the established [common-law] rule that a case cannot be removed on the same ground that previously led to a remand order" [Doc. 8 at 3]. And as explained in the succeeding discussion, Brown fails to present any new grounds for removal. Accordingly, the Court need not reach the issue of § 1446(b)(3)'s precise applicability.

petition when subsequent pleadings or events reveal a new and different ground for removal") (cleaned up); *FDIC. v. Fairway Complex, Inc.*, No. 95-56771, 1997 WL 112546 (9th Cir. Mar. 11, 1997) (allowing successive removal where "the factual circumstances in the case changed between the first and second removal attempts"). In this context, a "different ground" amounts to "a different set of facts that state a new ground for removal," not a different "cause of action or theory of recovery." *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974).

In the same vein, courts have long recognized a common law prohibition against successive removals based on the *same grounds* as the initial petition. *See St. Paul & C.R. Co. v. McLean,* 108 U.S. 212, 217 (1883); *Watson v. Carnival Corp.*, 436 F. App'x 954, 955 (11th Cir. 2011) ("Once a case is remanded to state court, a defendant is precluded from seeking a second removal on the same ground."); *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1064 (C.D. Cal. 2014) (rejecting defendant's second removal as "nothing more than an impermissible attempt to offer additional evidence to prove what should have been proved in the first notice of removal") (cleaned up); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 (Rev. 4th ed. 2025) ("After a case has been remanded to state court, a second notice of removal on the very same ground that led to the initial removal is likely to be rejected by the district court and may be considered to have been interposed in bad faith. By contrast, if subsequent pleadings, conduct by the parties, or various other circumstances bring a case that previously was not removable within the jurisdiction of the federal courts, a timely second notice of removal is permissible and may succeed.") (footnote omitted).

To the undersigned's knowledge, the Fourth Circuit has not squarely addressed the propriety of successive removals.[6] That said, the Fourth Circuit clearly prohibits motions to reconsider orders remanding actions for want of subject matter jurisdiction. *See, e.g., In re Lowe*, 102 F.3d 731, 734–36 (4th Cir. 1996) (holding the district court exceeded its jurisdiction when it reconsidered its remand order). It thus "follows that it would not be proper for a court to consider a motion to reconsider styled as a second notice of removal . . . ." *Bowyer*, 2009 WL 2599307, at *3.

**Amendment**

Prior to the expiration of the removal period, a defendant may freely amend the notice of removal. *Sonoco Prods. Co. v. Guven,* No. 4:12-cv-00790-RBH, 2012 WL 4322521, at *4 (D.S.C. Sept. 19, 2012). That said, remand to state court constitutes an absolute bar to amendment. *See, e.g., Stanley v. Kelly*, 758 F. Supp. 1487, 1488 (S.D. Fla. 1991) ("Once the district court remands a case to the state court, the district court is wholly deprived of jurisdiction to vacate or correct its remand order. The remand order returns the case to the state court and the federal court has no power to retrieve it."); *Maggio Enters., Inc. v. Hartford Cas. Ins.*, 132 F. Supp. 2d 930, 931 (D. Col. 2001) ("[A]s a district court is wholly deprived of jurisdiction following remand, it logically follows that a district court has no jurisdiction to . . . allow amendment to the notice of removal following remand."). Accordingly, this Court may not treat Defendant's second notice of removal as a request to amend its first, deficient notice, regardless of whether the Court could have granted amendment prior to remand.

---

[6] *But see Severonickel v. Reymenants*, 115 F.3d 265, 268 n.3 (4th Cir. 1997) ("The district court may well have been mistaken in its observation that [the defendant] might be able to remove the case again, following additional discovery in state court.")

10

**Costs and Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). In other words, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

## DISCUSSION

**Motion to Remand**

Defendant fails to present new evidence or changed circumstances to justify a second removal.

As noted, this Court previously remanded the instant action to the Sumter County Court of Common Pleas because Defendant failed to allege a causal connection between the purported physical altercation at issue and Defendant's position as a military officer as required by § 1442a. *Stauffer v. Brown*, 3:24-cv-00983-JDA, Doc. 33 at 5–8. Notably, the Order discussed representative cases in which defendants alleged an adequate causal connection. [*Id.* at 6 ("[I]n [*Willingham*, 395 U.S. at 407–08], the Court relied on the federal officer defendants' affidavits that showed they had contact with the prisoner plaintiff only within the United States Penitentiary while they were performing their official

11

duties as warden and chief medical officer of the facility."), 7–8 ("Indeed, the cases where courts have found that defendants demonstrated a sufficient causal nexus under § 1442(a) and/or § 1442a, have specifically linked the complained-of acts to the defendants' duties.") (citing *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1428 (11th Cir. 1996); *Tate v. Doe*, No. 9:23-CV-81150-ROSENBURG/REINHART, 2024 WL 195853, at *5–6 (S.D. Fla. Jan. 18, 2024)).]

Thus notified of the deficiencies in his first removal petition, Brown now attaches an affidavit to his second removal petition with declarations purportedly establishing the missing causal connection. [*See* Doc. 1-2 ¶ 5 ("Due to a pattern of insubordination, direct insubordination related to this altercation, and a disagreement of Orders in carrying out [a military] assignment, a physical altercation ensued on or about March 1, 2023 between myself and [Plaintiff] in the office of [Plaintiff] located on Shaw Air Force Base. Both Plaintiff and I were on active duty status and this altercation occurred in our place of employment located on Shaw Airforce Base during work hours."); *see also* Doc. 8 at 4 ("Noted by this court to be lacking in Defendant's first removal, Defendant Brown's affidavit . . . plausibly alleges that the events of March 1, 2023, giving rise to [Plaintiff's] complaint occurred while both [Defendant] and [Plaintiff] were on active-duty status, while at their place of employment on Shaw Airforce Base, and during work hours. Further, his affidavit alleges these actions arose out of a dispute regarding their military assignment and a disagreement regarding military Orders.").]

Because Brown directly participated in the alleged altercation on March 1, 2023, he unquestionably possessed knowledge of such facts at the time of the first removal. Accordingly, Brown should have raised the jurisdictional facts in question when he filed

his first petition, and he will not be permitted to raise them months after this Court already remanded the case. See *Hill v. Lowe's Home Ctrs.*, No. 1:21-cv-00185-SRC, 2022 WL 1202363, at *3–5 (E.D. Mo. Apr. 22, 2022) (recognizing a prohibition against successive removals "on grounds known, or that could have been known, to the removing party" at the time of the first removal); *Bowyer*, 2009 WL 2599307, at *3 ("[I]t would not be proper for a court to consider a motion to reconsider styled as a second notice of removal . . . ."); cf. *Willingham*, 395 U.S. at 407 n.3 (noting "material [contained in federal officer defendants' affidavits] should have appeared in the petition for removal").

Furthermore, Brown argues Plaintiff's Rule 26.03 answers to interrogatories—filed on April 15, 2024—and expert witness disclosures—filed on June 7, 2024—raise "sufficient allegations not available at the time of his first removal." [Doc. 8 at 4]; see also *Stauffer v. Brown*, 3:24-cv-00983, Docs. 18, 19. Specifically, Brown contends the expected testimony of Plaintiff's witnesses "revolves primarily around their role in the military's investigation of this incident," necessarily "inject[ing] [Brown's] status as a military officer, the resulting investigation conducted by military personnel, and matters of military discipline under Article 15 into the record and trial of this case." [Doc. 8 at 6.] Relatedly, Brown asserts "Plaintiff expects to offer [Cody T. Mitchell as an expert in military law] to testify regarding the *federal defenses* averred by Defendant in this case." [*Id*.]

As an initial matter, this Court entered its remand Order on January 31, 2025, more than seven months after Brown received the disclosures in question. [Docs. 18; 19; 33.] As previously noted, a defendant may freely amend the notice of removal prior to the expiration of the removal period. See *Sonoco*, 2012 WL 4322521, at *4. Because

13

§ 1442a allows a member of the armed forces to remove an action *at any time before trial or final hearing*, Brown could have amended the initial notice of removal before the Court remanded the action.  However, Brown's right to amend the notice of removal terminated upon remand.  *See, e.g., Stanley*, 758 F. Supp. at 1488.

Moreover, the Court does not construe Plaintiff's witness disclosures as new evidence overcoming the common law prohibition against successive removal.  By Plaintiff's admission, many of the fact witnesses disclosed under Local Rule 26.03 will testify as to their "knowledge of the incident from the [military] investigation." *Stauffer v. Brown*, 3:24-cv-00983-JDA, Doc. 18 at 2.  Relatedly, Lieutenant General Patrick D. Frank will testify about information related to subsequent Article 15 proceedings under the Uniform Code of Military Justice.  *Id.*  The Court acknowledges that the witnesses in question are indeed members of the armed forces who participated in military discipline proceedings related to the incident.  Crucially, however, such information is not new.  As the presumed subject of the military discipline proceedings, Brown had access to the witnesses in question at the outset this litigation.  Furthermore, the witnesses' military designation alone does not supply Brown with sufficient information—much less *new* information—demonstrating a colorable federal defense and a causal connection between Brown's alleged misconduct and his position as a military officer.

Moreover, according to Plaintiff's expert disclosures, Cody Mitchell will testify that Brown's actions "do not fall within the scope of color [of] office of a member of the Armed Forces of the United States." *Stauffer v. Brown*, 3:24-cv-00983, Doc. 19 at 1–2.  [*See also* Doc. 9 at 4 ("Cody Mitchell's testimony sets out to explain that assault and battery are *outside* the scope of military duties and such acts strip the officer of federal

14

protections.").] Thus, Mitchell's expected testimony merely rebuts Brown's own defenses asserted as early as February 26, 2024. [*See Stauffer v. Brown*, 3:24-cv-00983, Doc. 1 ¶ 3, Doc. 4 ¶¶ 24, 40, 42, 44.] The testimony does *not* purport to reveal Plaintiff's tacit acknowledgement of jurisdiction under § 1442a or amount to new evidence previously unknown to Brown.

Given the foregoing analysis and substantial caselaw denying successive removals on the same jurisdictional grounds, the Court grants Plaintiff's motion to remand.[7]

**Attorney's Fees and Costs**

Plaintiff requests "such sanctions including costs and actual expenses—including reasonable attorney's fees—incurred as a result of [Defendant's] removal, as permitted by 28 U.S.C. § 1447(c)." [Doc. 4 at 1.] As previously noted, "the standard for awarding fees should turn on the reasonableness of the removal," and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Here, the evidence suggests Brown sought a second removal "on grounds known, or that could have been known" to him at the time of the first removal. *Hill*, 2022

---

[7] Because the Court grants Plaintiff's motion on these bases, it need not address the parties' additional arguments concerning the requirements of § 1442a or the Federal Tort Claims Act. Also, because the Court grants the motion to remand, the motion to compel discovery responses is found as moot. *See Upton v. Walmart, Inc.*, No. 3:19-cv-00381, 2020 WL 5358578, at *6 (S.D. W. Va. June 2, 2020) ("Given that the undersigned recommends Plaintiff's Motion to Remand be granted, and this matter be returned to state court, the undersigned RECOMMENDS that Plaintiff's . . . motion to compel discovery be DENIED as moot in this Court. If Plaintiff's action is remanded to state court, that court should have the opportunity to address [the motion], as [it] may affect the court's docket.") (emphasis omitted).

15

WL 1202363, at *5.  In addition, Brown removed the case shortly before a scheduled hearing on Plaintiff's state-court motion to compel, strongly suggesting delay tactics. [Doc. 1; Doc. 4-7.]  On these facts, the Court concludes Brown's second removal petition lacked an objectively reasonable basis, and it grants Plaintiff's request for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  *See Houden v. Todd,* 348 F. App'x 221, 223 (9th Cir. 2009) ("The relevant case law clearly foreclosed [the defendant's] attempted removal; it was thus objectively unreasonable, and the [plaintiffs] could have been awarded costs and fees under 28 U.S.C. § 1447(c)."); *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) ("Where . . . a litigant's decision to remove comes years late and appears to have been spurred by a desire to avoid an adverse state-court ruling, no objectively reasonable grounds for removal exists."); *Lodi Mem'l Hosp. Ass'n v. Blue Cross of Cal.,* No. CIV. 12-1071 WBS GGH, 2012 WL 3638506, at *8 (E.D. Cal. Aug. 22, 2012) ("Defendants' successive notice of removal—advocating the same theories and based on 'new evidence' that defendants arguably had in their possession well outside the thirty days preceding their notice of removal—has unreasonably delayed resolution of this protracted case and necessitated plaintiff incurring unnecessary fees and costs in seeking to remand this action.") (footnote omitted).[8]

---

[8] It is unclear whether Plaintiff also seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure.  However, "in light of § 1447(c)," Rule 11 sanctions stand "unnecessary to deter defendants from filing another frivolous notice of removal in the future." *Lodi Mem'l Hosp. Ass'n,* 2012 WL 3638506, at *13.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand [Doc. 4] is GRANTED. Furthermore, Plaintiff's request pursuant to 28 U.S.C. § 1447(c) for "just costs and any actual expenses, including attorney fees" [Doc. 4-1 at 1, 25–31] is GRANTED. Plaintiff's motion to compel discovery responses [Doc. 11] is FOUND AS MOOT.

In light of this ruling, the Court ORDERS Plaintiff to submit a brief and a declaration or affidavit detailing the reasonable costs and attorney's fees incurred in relation to Brown's second removal no later than 14 days from the entry of this order. Brown may file a response seven days thereafter.

Except for this Court's determination of costs under § 1447(c), this action is REMANDED to the Sumter County Court of Common Pleas.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>
United States District Judge

Columbia, South Carolina<br>
October 17, 2025